State v. Ritzel

---

STATE OF NORTH, CAROLINA v. DONALD T. RITZEL

No. 744SC814

(Filed 4 December 1974)

1. Burglary and Unlawful Breakings § 5; Larceny § 7— breaking and
   entering courthouse — larceny of typewriters and calculators — suf-
   ficiency of evidence

   Evidence in a prosecution for breaking or entering and larceny
   was sufficient to be submitted to the jury where it tended to show
   that an officer observed defendant near the county courthouse carry-
   ing a package on one occasion and counting money on another, officers
   approached defendant and arrested him for public intoxication, an
   officer observed a calculator lying on the floorboard of defendant's
   car, then discovered that the courthouse had been broken into and
   calculators and typewriters were missing, defendant was then placed
   under arrest for breaking or entering and larceny, a further search
   of his vehicle revealed typewriters which were subsequently shown
   to have the same serial numbers as those taken from the courthouse,
   and defendant admitted having entered the courthouse and taken the
   machines.

2. Criminal Law § 173— testimony elicited by defendant on cross-exami-
   nation — motion to strike properly denied

   There was no error in the trial court's denial of defendant's
   motion to strike testimony concerning typewriters found in the trunk
   of defendant's vehicle where all of the testimony complained of was
   elicited by defendant's counsel on cross-examination and no objection
   to such testimony was made until it had been repeated several times.

3. Criminal Law § 169— motion to suppress testimony — similar testi-
   mony given earlier

   Defendant's motion to suppress testimony relating to what was
   found as a result of a warrantless search of his vehicle was not timely
   where similar testimony had previously been admitted without objec-
   tion.

APPEAL by defendant from *Cowper, Judge,* 11 June 1974
Session of Superior Court held in ONSLOW County. Heard in
the Court of Appeals on 14 November 1974.

This is a criminal prosecution on a bill of indictment, proper
in form, charging the defendant, Donald T. Ritzel, with the fel-
onies of breaking or entering, larceny, and receiving. The de-
fendant pleaded not guilty. He was found guilty of breaking or
entering and larceny. From judgments imposing a prison sen-
tence of ten (10) years on each count to run concurrently, the
defendant appealed.

*Attorney General James H. Carson, Jr., by Assistant Attorney General Charles J. Murray for the State.*

*Grady Mercer, Jr., for defendant appellant.*

HEDRICK, Judge.

[1]   Defendant assigns as error the denial of his motion for judgment as of nonsuit. The evidence offered by the State tended to show the following:

Officer Joe Robert Brackeen of the Jacksonville Police Department, in the early morning hours of 25 May 1974, observed the defendant in an alleyway that leads from the district courthouse in Jacksonville, N. C., to Tallman Street. The defendant was walking away from the courthouse and was carrying something "about the size of a case of beer." The defendant placed this "package" into the trunk of a blue Pontiac which was parked on Tallman Street near the entrance to the alley. About an hour and a half later, Officer Brackeen again observed the defendant. At this time the defendant was standing on the corner of Waldroff and Court Streets, about half a block from the courthouse, counting some money. Officer Brackeen contacted Officers Delma G. Collins and Jerry C. Reed. The three officers approached the defendant, who had returned to the automobile and, observing that the defendant had been drinking, placed him under arrest for public intoxication. Officer Collins shined his flashlight inside the automobile and observed a calculator lying on the floorboard behind the front seat. He then walked down the alley towards the courthouse. Officer Collins noticed that the screen to a second floor window of the courthouse was lying on the ground and that the window was broken. He entered the courthouse, and, upon investigation, observed "that the calculators and typewriters were missing from the desk[s] of Pat Hall and Edith White." He further noticed that the desk drawers were open, that papers were scattered on the floor, and that some of the file cabinets were open. He advised Officer Reed by walkie-talkie that someone had broken into the district courtroom and told Reed what property he thought was missing. Since Officer Reed recognized the calculator in the back seat of the automobile by its odd color as the one his wife had used for two years when she worked at the courthouse, he placed the defendant under arrest for breaking or entering and larceny. Officer Brackeen then searched the automobile, finding two large electric typewriters in the trunk of

State v. Ritzel

the car. After being taken to the police station and advised of his constitutional rights, the defendant admitted entering the courthouse, told the officers what he had done while inside, and made the comment that "[t]his was a burglar's paradise." The State further offered evidence tending to show that the serial numbers on the calculator and two typewriters taken from the defendant's vehicle matched the serial numbers on the calculator and typewriters owned by the State of North Carolina and being used at the district courthouse in Jacksonville. The State also offered evidence tending to show that these machines had a value of $1,300.00. Clearly, the foregoing evidence is sufficient to require submission of the case to the jury and to support the verdict.

[2] Defendant assigns as error the denial of his motion to strike the testimony of Officer Brackeen on cross-examination relating to the two typewriters having been found in the trunk of defendant's automobile. "Defendant may not complain of the admission of testimony brought out by his counsel in the cross-examination of a witness for the state . . . . " 3 Strong's Index 2d, Criminal Law, § 173, p. 145. Officer Brackeen did not testify regarding the two typewriters on direct examination. All of the testimony complained of was elicited by defendant's counsel on cross-examination. No objection to such testimony was made until it had been repeated several times. Under the circumstances, there was no error in the court's denial of the motion to strike.

[3] Defendant contends the court erred in denying his motion to suppress testimony relating to what was found as a result of a warrantless search of his vehicle and in not conducting a voir dire hearing to determine the competency of such evidence. We do not agree. This exception challenges the testimony of Officer Reed. Before the defendant moved to suppress the testimony of Officer Reed, Officers Brackeen, Collins, and Reed testified without objection that they had seen the calculator in the back seat of defendant's vehicle, and the defendant had already elicited from Officer Brackeen on cross-examination evidence relating to the two typewriters in the trunk of the vehicle. Thus, defendant's motion to suppress was not timely. It having already been clearly established that the evidence obtained as a result of the warrantless search of the defendant's vehicle was admissible, there was no necessity for the court to conduct a voir dire in the absence of the jury to determine the competency of

such evidence. See *State v. Woody*, 277 N.C. 646, 178 S.E. 2d 407 (1971).

The defendant had a fair trial free from prejudicial error.

No error.

Chief Judge BROCK and Judge CAMPBELL concur.