STATE OF NORTH CAROLINA v. LEWIS WALKER STEPHENS

No. 7526SC393

(Filed 15 October 1975)

**1. Criminal Law § 169— witness's answer presumed responsive — motion to strike overruled**

In a prosecution for uttering forged checks, where the question prompting a bank teller's statement upon cross-examination regarding her identification of defendant, "I know it was him because I had cashed some forgeries for him earlier," did not appear in the record, it is assumed that the teller's comment was responsive and in explanation of her identification of defendant, and the trial court did not err in overruling defendant's motion to strike the entire answer.

**2. Criminal Law § 169— response to question including facts not in evidence — no error**

It is improper for a prosecuting attorney to inject in his question supposed facts which are not supported by the evidence; however, such a question was not prejudical in this case where the record does not disclose the ruling on the objection nor any answer to the question, and it must therefore be assumed that the objection was sustained.

APPEAL by defendant from *Thornburg, Judge.* Judgment entered 17 January 1975 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 2 September 1975.

Lewis Walker Stephens was charged with the crime of uttering forged checks drawn on the Ervin Company. The State offered in evidence five checks purportedly signed by Albert Anderson and Neal Hamilton on behalf of the Ervin Company. James White was named payee on two of the checks and Willie Green, John J. Robinson and Eael Geter were named as payee on the other three respectively.

Billie Hartis Utley, a teller at the drive-in window of a branch of North Carolina National Bank, testified that on the morning of 6 August 1973, defendant drove up to her window, presented her the five checks and a deposit slip, and asked to be given cash for all the checks except for $45 that he wished to deposit in his account, which she did.

The State also offered in evidence the testimony of a handwriting expert who found the checks to be in defendant's handwriting.

State v. Stephens

The defendant testified that on the morning of 6 August 1973, he was working at a gas station and did not cash any forged checks.

Defendant was found guilty and from a prison sentence appeals.

*Attorney General Edmisten by Associate Attorney T. Lawrence Pollard for the State.*

*Plumides, Plumides and Shuster by Bart William Shuster for appellant.*

CLARK, Judge.

[1] On cross-examination, Mrs. Utley, the bank teller, was questioned regarding her identification of the defendant. A portion of her response was, "I know it was him because I had cashed some forgeries for him earlier." The defendant assigns as error the denial of his motion to strike the answer and his motion for mistrial. The foregoing testimony appears in narrative form. The question which prompted the comment does not appear. Under these circumstances, we must assume it was responsive and in explanation of her identification of the defendant. Defense counsel assumes some risk of damage to his cause in the cross-examination of an adverse witness. Even the ablest occasionally suffer injury, sometimes irreparable, from response during cross-examination, unforeseeingly elicited and often the result of witness idiosyncrasy rather than advocate delinquency. When so educed and responsive, the suffering is seldom relieved by appellate review. *State v. Ritzel,* 24 N.C. App. 88, 209 S.E. 2d 883 (1975). Too, that part of the answer relating to the witness's past transaction with the defendant was responsive and admissible. The broadside motion to strike the entire answer was properly overruled. *State v. Patterson,* 284 N.C. 190, 200 S.E. 2d 16 (1973).

[2] In cross-examination the District Attorney asked the defendant, "When did you first begin having problems with the issuance of worthless and forged checks?" This question followed the defendant's testimony that he had been convicted of several worthless check charges and of store breaking and larceny. The defendant assigns error because there was no evidence that he had been convicted of forgery. Since the record does not disclose the ruling on the objection nor any answer

to the question, we must assume that the objection was sustained. It is improper for a prosecuting attorney to inject in his question supposed facts which are not supported by the evidence, but the impropriety becomes reversible error only when prejudicial to the accused. In *State v. Barbour*, 278 N.C. 449, 180 S.E. 2d 115 (1971), the court quoted with approval from 3 Strong, N. C. Index 2d, Criminal Law, § 169, p. 135, the following language: "Where there is abundant evidence to support the main contentions of the state, the admission of evidence, even though technically incompetent, will not be held prejudicial when defendant does not affirmatively make it appear that he was prejudiced thereby or that the admission of the evidence could have affected the result. . . . "

In this case, there was abundant testimony to support the case for the State. The defendant was positively identified by the bank teller, and the handwriting expert testified that in his opinion the defendant signed the checks. When we consider the alleged impropriety in the context of the entire evidence, we find that there is no reasonable possibility that the statement by the witness might have contributed to the conviction.

No error.

Judges MORRIS and VAUGHN concur.